UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLPH H. MORALEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>RON DAVIS, et al.,<br><br>    Defendants. | Case No. 21-01779 BLF (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a state prisoner at San Quentin State Prison ("SQSP"), filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983, against Warden Ron Davis and several prison officers.[1]  Dkt. No. 1.  Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate order.  Dkt. No. 2.

**DISCUSSION**

**A.** **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any

---

[1] This matter was reassigned to this Court on March 30, 2021, pursuant to *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017).  Dkt. No. 5.

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.**     **Plaintiff's Claims**

Plaintiff claims various deficiencies with respect to prison conditions during the pandemic. Dkt. No. 1 at 2. He makes general allegations that he has been deprived of adequate medical care, failure to keep medical records, and poor staff training and supervision. *Id.* at 3. He also claims lack of "quality control process" and a "failure to vacate or modify population reduction." *Id.* He also alludes to the American With Disabilities Act ("ADA") and the failure of the CDCR to provide facemasks, resulting in his contracting the coronavirus. *Id.* He seeks damages. *Id.*

Plaintiff filed a previous action in this district against the same Defendants claiming they failed to distribute masks and that he contracted the virus. The previous action, *Moralez v. Davis, et al.*, Case No. 20-07860 RMI ("*Moralez I*"), was twice dismissed with leave to amend. *Id.*, Dkt. Nos. 10, 13. Plaintiff initially sought relief under the ADA, but the allegations were insufficient to support such a claim. Dkt. No. 10 at 3. The Court granted Plaintiff leave to amend to attempt to state an Eighth Amendment deliberate indifference claim instead, with instructions to identify specific individuals and events and describe how each violated his rights under the Eighth Amendment. *Id.* at 3-4. After Plaintiff filed an amended complaint, the Court dismissed it a second time with leave to amend because he failed to follow the Court's instructions. Dkt. No. 13 at 3. Plaintiff only identified the warden as a Defendant and alleged that he was responsible for the

2

inadequacies of the prison's medical care system. *Id.* Plaintiff also failed to even mention the Coronavirus or the lack of masks. *Id.*

Duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); Bailey, 846 F.2d at 1021. An *in forma pauperis* complaint repeating the same factual allegations asserted in an earlier case, even if now filed against new defendants, therefore is subject to dismissal as duplicative. *Bailey*, 846 F.2d at 1021; *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975). "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the "comprehensive disposition of litigation." *Adams v. California*, 487 F.3d 684, 692-93 (9th Cir. 2007) (citation omitted), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). Here, Plaintiff's underlying case is duplicative of *Moralez I* because the two suits arise out of the same transactional nucleus of facts, *i.e.*, the prison's allegedly inadequate response to the pandemic and resulting injuries, and defendants in both cases are parties or privies to the action. *See Adams*, 487 F.3d at 689. As this case is duplicative of *Moralez I*, which is currently pending, the instant action will be dismissed.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED as duplicative. The Clerk shall terminate all pending motions and close the file.

**IT IS SO ORDERED.**

Dated: __April 16, 2021_____

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
PRO-SE\BLF\CR.21\001779Moralez_dism(dup)